Heidi Guttau-Fox (*pro hac vice*)
Christopher R. Hedican (admitted *pro hac vice*)
Baird Holm LLP
1500 Woodmen Tower
Omaha, NE 68102-2068
402-344-0500
Fax 402-344-0588

Kathleen W. Toth (#8437)
Manning Curtis Bradshaw & Bednar LLC
Third Floor Newhouse Building
10 Exchange Place
Salt Lake City, UT 84111
801-363-5678
Fax 801-364-5678

Attorneys for Defendant
Wal-Mart Stores, Inc. Wyoming
Workers' Compensation Benefits
Plan

FILED
U.S. DISTRICT COURT

2008 AUG 13 P 2: 19

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| BILLIE WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC. WYOMING WORKERS' COMPENSATION BENEFITS PLAN,<br><br>Defendant. | **MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Civil No. 2:07-CV-00710 DB<br><br>Judge Dee Benson |
|---|---|

This matter is before the Court on the Motion for Summary Judgment by Defendant Wal-Mart Stores, Inc. Wyoming Workers' Compensation Benefits Plan. This matter came on for hearing on August 7, 2008 before the undersigned. Plaintiff was represented by counsel David Holdsworth,

and Defendant was represented by counsel Heidi Guttau-Fox and Kathleen Toth. After arguments and discussion, the Court granted the Defendant's Motion and made findings on the record which are incorporated herein. Consistent with the Court's findings on the record, the Court enters this Order granting Defendant's Motion and dismissing Plaintiff's complaint with prejudice.

In her verified complaint, Plaintiff Billie Williams ("Williams") stated that "on or about August 18, 2005, while she was working at the Evanston Wal-Mart Store, Williams did something that caused her back to become seriously injured." Williams acknowledged she didn't "remember a specific traumatic incident," but believed "the constant bending, lifting, and reaching she engaged in on August 18, 2005 caused an injury to her back." Williams further alleged that she "suffered an accidental injury, consistent with how such is defined in the Plan on August 18, 2005." Consistent with her Complaint, Williams claimed in the report of her injury that she hurt herself while lifting boxes on the morning of August 18, 2005. Despite her consistent assertions that she suffered an "accident" at work, she also contends that she suffered an occupational disease, not caused that day, but over time.

The Court finds nothing in the Administrative Record to support William's claim. As William's counsel acknowledged at the hearing, her claim fails under an arbitrary and capricious standard. Williams asserts there was a procedural irregularity by the Plan because the Plan did not obtain a second opinion and consult another expert which warrants a finding for Williams and remand of this matter back to the Plan Review Board. The Court disagrees. The Plan Review Board acted consistently with the Plan language. The Plan provides that "[i]n the event of an inconsistency between the opinion of the original Authorized Provider and the Authorized Provider providing the second opinion, the Plan Administrator shall have the authority to determine which opinion shall govern benefits under this Plan or whether another opinion will be obtained." (Ex. 4, 2003 Plan

Document at 7). Williams did not receive any services by Authorized Providers (Ex. 6, Admin. Record at CMI 0151), and therefore, there could not have been any inconsistencies in the opinions of Authorized Providers to trigger this provision. In any event, the Plan acted appropriately in obtaining and relying upon Dr. Ruttle's opinion and findings. Furthermore, the Board also acted consistently with the provision regarding consultation with a health care professional (Ex. 4, 2003 Plan Document at 16). Such consultation is only required if the decision involves a "medical determination," such as whether a treatment or drug is medically necessary. Here, the Board did not have to make its own medical determination but rather relied on the Plaintiff's admissions and inconsistencies and the findings of the physicians involved. Even if the Board's decision is construed to involve a medical determination, the Board complied with this provision by consulting Helen D. Adams, who works in medical quality assurance for CMI and serves on the Board. She has thirteen (13) years of experience as a nurse at the Mayo Clinic in Minnesota, including nine (9) years on the orthopedic floor. She was consulted in reaching the Board's final decision, and she provided detailed findings (Ex. 8, Adams Affidavit; Ex. 6, Admin. Record at 0150-151 (Individual Member Analysis). Accordingly, the Court finds that no procedural irregularity occurred.

In sum, the Court has considered all of the evidence and finds that under any standard of review the Plan Review Board acted reasonably in concluding that Williams' condition did not meet the Plan's definition of either a sudden and accidental injury or an occupational disease based on (a) her own admissions and inconsistencies; (b) her failure to demonstrate that her employment conditions, peculiar to a pharmacy technician position, caused her back problems; (c) the findings of the independent medical examiner; and (d) the findings of her own physicians and the objective medical evidence. Accordingly, the Board's decision will be upheld. Defendant's Motion for

Summary Judgment is granted and Plaintiff's Complaint is hereby dismissed with prejudice at Plaintiff's cost. Judgment is hereby entered for the Defendant and against the Plaintiff.

IT IS SO ORDERED.

Dated this 12th day of August, 2008.

_____
Dee Benson
United States District Court Judge

Prepared and submitted by:

        WAL-MART STORES, INC. WYOMING
        WORKERS' COMPENSATION
        BENEFITS PLAN, Defendant,

        /s/   Heidi Guttau-Fox
        Heidi Guttau-Fox (*pro hac vice*)
        Chris Hedican (*pro hac vice*)
        Baird Holm LLP
        1500 Woodmen Tower
        Omaha, NE  68102
        402-344-0500
        Fax 402-344-0588
        hguttau-fox@bairdholm.com
        chedican@bairdholm.com

        and

        /s/   Kathleen W. Toth
        Kathleen W. Toth (#8437)
        Manning Curtis Bradshaw & Bednar LLC
        Third Floor Newhouse Building
        10 Exchange Place
        Salt Lake City, UT  84111
        801-363-5678
        Fax 801-364-5678
        ktoth@mc2b.com

DOCS/869709.1